IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JAMIE L. THOMAS,

Petitioner,

v.

JOSH KAUL, Wisconsin Attorney General, and
JARED HOY, Wisconsin DOC Secretary,

Respondents.

OPINION and ORDER

26-cv-776-wmc

---

Jamie L. Thomas has filed a petition for a federal writ of habeas corpus under 28 U.S.C. § 2254, purporting to challenge his 2024 conviction for operating a motor vehicle while intoxicated as a sixth offense in Portage County Case No. 2022CF383. (Dkt. #1.) Thomas, who is represented by counsel, has also filed a motion asking this court to stay commencement of his state court prison sentence and authorize release on bail pending the outcome of this federal proceeding. (Dkt. #2.) That frivolous motion will be denied.

The petition itself is pending before the court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases, which requires a district court to examine the petition and dismiss the action if it "plainly appears" that petitioner is not entitled to relief. At this stage, the court looks to see whether the petitioner has set forth viable constitutional or federal law claims and tries to confirm that those claims have been exhausted in state court. Federal courts are authorized to dismiss any habeas petition that appears legally insufficient on its face. *McFarland v. Scott*, 512 U.S. 849, 856 (1994). For reasons set forth below, the petition will also be denied, and this action will be dismissed because petitioner is plainly *not* entitled to habeas relief.

## BACKGROUND[1]

In Portage County Case No. 2022CF383, petitioner Thomas entered a plea of no contest to one count of operating a vehicle with a prohibited alcohol concentration as a sixth offense in violation of Wis. Stat. § 346.63(1)(b), apparently in part for the dismissal of a related count for operating while intoxicated. Thomas entered that plea only after the circuit court held an evidentiary hearing and denied his motion to suppress the results of a blood draw showing that he was well over the legal limit for intoxication when he crashed his motorcycle into a ditch. (Dkt. #2-2.) On July 18, 2024, Thomas received a sentence of 18 months' confinement followed by another 18 months of extended supervision. Nevertheless, the sentence was stayed pending a direct appeal.[2]

On appeal, Thomas acknowledged that the blood draw was taken pursuant to a search warrant but argued that the search violated the Fourth Amendment because: "the investigating officer did not take appropriate steps to determine if he was capable of consenting to a blood draw and 'the entire premise of obtaining a warrant was tainted by the unconstitutionally obtained refusal.'" *State v. Jamie L. Thomas*, No. 2024AP1517-CR, 2025 WL 2803629, at *1 (Oct. 2, 2025) (unpublished). In rejecting this argument, the Wisconsin Court of Appeals

---

[1] Unless otherwise indicated, the facts in this section are taken from the petition. In addition, the court has taken judicial notice of available state court records for petitioner's underlying conviction and appeal as referenced in the petition. *See Patrick v. City of Chicago*, 81 F.4th 730, 734 n.2 (7th Cir. 2023) (citing *Ewell v. Tony*, 853 F.3d 911, 917 (7th Cir. 2017)) (state court proceedings are a proper subject of judicial notice).

[2] To obtain a writ of habeas corpus in federal court, a petitioner must show that he is "in custody" in violation of the Constitution or laws of the United States. 28 U.S.C. § 2241(c)(3). Although Thomas was granted a stay of his sentence, he is still considered to be "in custody" for purposes of federal habeas corpus review. *See Hensley v. Municipal Court*, 411 U.S. 345, 351-52 (1973) (ruling that individuals released on bail or on their own recognizance pending trial or pending appeal are "in custody").

emphasized that police had actually obtained a search warrant for medical personnel to perform the blood draw after observing that: (1) Thomas smelled strongly of intoxicants while receiving medical treatment for injuries suffered during his motorcycle accident; (2) he seemed evasive when responding to questions asked by police but coherent when responding to the questions of medical personnel; and (3) a preliminary breath test indicated that he *was* under the influence an intoxicant. *Id*. Unsurprisingly, therefore, the Court of Appeals held the blood draw was conducted pursuant to a valid warrant, making Thomas's failure or refusal to consent wholly irrelevant, since obtaining a valid warrant "is the protection against unreasonable searches and seizures prescribed by the Fourth Amendment." *Id*. at *2. Having failed to show that an officer simply requesting consent to search somehow violates the Fourth Amendment, the Wisconsin Court of Appeals affirmed Thomas's conviction. *Id*. Thereafter, the Wisconsin Supreme Court summarily denied his petition for review. *State v. Thomas*, 2026 WI 30, 38 N.W.3d 709 (June 16, 2026).

On August 19, 2026, Thomas filed his petition for a federal writ of habeas corpus under 28 U.S.C. § 2254. (Dkt. #1.) As in state court, Thomas repeats his dubious contention that law enforcement violated his Fourth Amendment right to be free from unreasonable searches and seizures "by failing to account for his being incapable of providing informed consent" before obtaining a search warrant for the blood draw that yielded evidence of his intoxication. (*Id*. at 6.)

## OPINION

To begin, petitioner's ability to pursue federal habeas relief is severely limited by his entry of a no contest plea. "It is well established that an unconditional plea of guilty operates

as a waiver of all formal defects in the proceedings, including any constitutional violations that occurred before the plea was entered," and "[a] plea of no contest invokes the same waiver principle." *Gomez v. Berge*, 434 F.3d 940, 942 (7th Cir. 2006) (internal citations omitted); *see also Tollett v. Henderson*, 411 U.S. 258, 267 (1973) ("When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea."); *Flowers v. Avila*, No. 13-cv-701-wmc, 2013 WL 6148353, at *1 n.3 (W.D. Wis. Nov. 22, 2013) ("A no contest plea is the equivalent of a guilty plea, and waives the right to raise non-jurisdictional defects and defenses, including claimed violations of constitutional rights."). Because petitioner pleaded no contest, his habeas claims are limited to attacks on the state court's jurisdiction and the voluntariness of his plea. *United States v. Broce*, 488 U.S. 563, 574 (1989); *see also United States v. Brown*, 870 F.2d 1354, 1358 (7th Cir. 1989) ("Once a plea of guilty has been entered, non-jurisdictional challenges to the constitutionality of the conviction are waived and only the knowing and voluntary nature of the plea may be attacked."). Petitioner makes no such attack here. Accordingly, his habeas petition must be denied on its face.

Alternatively, the petition must be denied because petitioner's sole ground for relief is not cognizable on habeas review, which is only available under 28 U.S.C. § 2254 for claims alleging deprivations of federal law. The only federal constitutional issue that petitioner litigated in state court was his claim that police violated the Fourth Amendment when they obtained the warrant for a blood draw by medical personnel without first considering his ability to consent. In *Stone v. Powell*, 428 U.S. 465 (1976), the U.S. Supreme Court held that habeas petitioners cannot relitigate a motion to suppress because the remedy for Fourth Amendment

violations -- the exclusionary rule -- is prophylactic in nature, with its primary purpose being to prevent future violations, not to protect the rights of the defendant in the case at hand. *Id.* at 479, 492. In particular, the Supreme Court determined that relief under the exclusionary rule is generally unavailable in habeas proceedings because the costs of applying the rule outweigh its prophylactic benefits. *Id.* at 493-94. For that reason alone, even a demonstrable error by a state court is generally not enough to obtain federal habeas review provided the petitioner received "an opportunity for full and fair litigation of a Fourth Amendment claim" in state court. *Id.* at 494; *Monroe v. Davis*, 712 F.3d 1106, 1115-16 (7th Cir. 2013).

A criminal defendant receives a full and fair opportunity to litigate if: (1) he has clearly informed the state court of the factual basis for the claim; (2) the state court carefully and thoroughly analyzed the facts; and (3) the court applied the proper constitutional case law to the facts. *Miranda v. Leibach*, 394 F.3d 984, 997 (7th Cir. 2005) (citations omitted). As to the third requirement specifically, all the "state has to do is look to the appropriate body of decisional law" and "take seriously its obligation to adjudicate claims under the [F]ourth [A]mendment." *Hampton v. Wyant*, 296 F.3d 560, 563-64 (7th Cir. 2002). Only under circumstances in which the state court's alleged error "betray[s] an unwillingness on the part of the [state] judiciary to treat [the petitioner's] claim honestly and fairly" will a federal habeas court reach the merits of the Fourth Amendment challenge. *Monroe*, 712 F.3d at 1114 (quoting *Stone*, 428 U.S. at 490).

Here, petitioner neither alleges nor shows that the state courts erred in egregious fashion when ruling on his Fourth Amendment claim.[3] Moreover, the pleadings and the state appellate

[3] Indeed, petitioner's claim is based on the decision in *United States v. Grap*, 403 F.3d 439, 442-44 (7th Cir. 2005), which considered whether law enforcement made a reasonable effort to ascertain the voluntariness of consent to a *warrantless* search under the circumstances of that case. (Dkt. #2,

court's decision confirm that before pleading no contest, petitioner presented his challenge to the blood draw in a pretrial motion to suppress evidence, which was properly denied by the state circuit court following an evidentiary hearing. Indeed, petitioner has submitted the transcript for the evidentiary hearing, which demonstrates that his claim was clearly presented and considered by the circuit court. (Dkt. #2-2.) Moreover, while the circuit court's ruling was upheld by the Wisconsin Court of Appeals on other grounds, the appellate court carefully and thoughtfully considered petitioner's claim and applied the proper caselaw to the facts. Under these circumstances, federal habeas review of the challenged search is barred. *Brown v. Hoy*, No. 26-cv-385, 2026 WL 162311, at *2 (citing *Stone*, 428 U.S. at 494-95). For this additional reason, the petition must be denied and this action dismissed.

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "'that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but

at 4.) Given that the challenged blood draw in petitioner's case was only conducted after the issuance of a valid search warrant, the decision in *Grap* is wholly inapposite. Nor does petitioner make any effort to allege or show that the state court's adjudication was contrary to or involved an unreasonable application of Supreme Court precedent as required to obtain relief under 28 U.S.C. § 2254(d).

also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. After careful review of the pleadings and the applicable law, the court concludes that reasonable jurists would not find its ruling debatable or wrong.

If anything, given that petitioner was represented by counsel, this court seriously considered whether sanctions are appropriate in the pursuit of a frivolous claim in federal court, particularly when a prison sentence for a *sixth* OWI offense would appear long overdue in the interests of counsel's client. However, this court may lack the nuance that may explain a quixotic, if seemingly wholly ill-advised, venture into federal court and will spend no further time exploring it. Regardless, a certificate of appealability will be denied.

ORDER

IT IS ORDERED that:

1) The federal habeas corpus petition filed by Jamie L. Thomas (dkt. #1) is DENIED and this action is DISMISSED WITH PREJUDICE as legally frivolous.
2) Petitioner's motion for stay of sentence and for bail pending the outcome (dkt. #2) is DENIED.
3) A certificate of appealability is DENIED.

Entered this 18th day of November, 2026.

BY THE COURT:

/s/

WILLIAM M. CONLEY
District Judge